# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DAVID M. BIZAL | : | BANKRUPTCY NO. 21-13212-ELF |
| | : | |
| Debtor. | : | |

## OBJECTION OF KATHLEEN BIZAL TO
## CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

Kathleen Bizal, by and through her attorneys, Wetzel Gagliardi Fetter & Lavin LLC, hereby objects to the confirmation of Debtor's proposed Chapter 13 Plan ("Plan") for the following reasons:

1. Kathleen Bizal, creditor herein ("Creditor"), filed a Proof of Claim on or about February 10, 2022, in the amount of $61,866.38. See Claims Register at No. 25.

2. Creditor and the Debtor are parties to a divorce action in the Court of Common Pleas of Chester County, Pennsylvania at Docket Number 2020-04234-DI.

3. A Final Decree was entered in the divorce action on October 22, 2021.

4. Creditor's Claim was filed in order to protect her interests as they may relate to Domestic Support Obligations and/or other obligations of the Debtor owed to the Creditor pursuant to the Property Settlement Agreement, dated August 26, 2021, and incorporated by reference into the Final Decree of October 22, 2021.

5. At Schedule A/B of the Debtor's bankruptcy petition, the Debtor disclosed an ownership interest with Creditor in real property, the marital residence, located at 101 Kurtz Lane, Coatesville, PA 19320 ("Property") having a value of $300,000.00. See Schedule A/B at Docket Entry #1, page 10/55.

6. Debtor has defaulted on the terms of the Property Settlement Agreement ("PSA") as they relate to the sale of the marital residence, disclosed in Debtor's Schedule A/B, by not vacating the residence and preparing it for sale so that it could be listed for sale by or on December 8, 2021.

7. The proceeds from the sale are to be used to pay off certain debts, plus attorney's fees as provided for in the PSA and ongoing monthly costs that are being incurred by Creditor due to Debtor's failure to sell the marital residence, as outlined in the Creditor's Proof of Claim.

8. The Debtor's Plan proposes to list the Property with a real estate agent on or before May 15, 2022, more than five months after he was obligated to have done so pursuant to the terms of the PSA, with sale to be completed by September 15, 2022.

9. In the event that a sale of the Property has not been completed by September 15, 2022, the Plan proposes that the property be sold at auction by November 30, 2022.

10. Debtor's Plan's timeline for liquidation of the property is in direct contravention of the terms of the PSA on which Debtor defaulted when he failed to list the Property by December 8, 2021.

11. It is well documented that the real estate market during the COVID pandemic has been a "seller's market", with properties selling quickly at or above list price, and Debtor's unreasonable delay in selling the Property during this period, pursuant to the terms of the PSA, has been unreasonable and may result in the dissipation of the value of the Property if not consummated before the market bubble bursts.

12. Debtor's Plan proposes a further unreasonable delay for the liquidation of the Property, and may result in a lower price being received for the Property, making the Plan unfeasible.

13. The Debtor's Plan does not address Creditor's Claim in that the Plan classifies Creditor's claim for domestic support obligations as an unsecured non-priority claim, rather than as a priority claim, in violation of 11 U.S.C. Section 1322(a)(2).

14. The Debtor's Plan does not address Creditor's Claim in that the Plan significantly understates the amount due and owing to Creditor pursuant to the PSA.

15. At Schedule "I", the Debtor estimates that his total monthly is $3,651.16, including $600 per month from "1099 Cash Income" for painting, noting that he expected this 1099 income to decrease during the winter months. See Schedule I at docket entry #1, page 35/55.

16. At Schedule "J", the Debtor states that his monthly expenses total $3,446.93, leaving a monthly net income of $204.23. See Schedule J at docket entry #1, page 37/55.

17. It is believed, and therefore averred, that Debtor's 1099 income will increase during the warm weather months in an amount exceeding $600 per month, which will increase Debtor's disposable income; any increase in disposable income should be applied toward Debtor's Plan payment.

18. Pursuant to 11 U.S.C. § 1322(a)(4), Debtor's Plan does not apply all of his disposable income towards Plan payments, a violation of 11 U.S.C. § 1325(a)(1).

19. Debtor is in violation of 11 U.S.C. § 1325(b)(1)(A) and (B) for failure to apply all of his disposable income to his Plan payments.

20. Due to the defects in Debtor's proposed Plan, as set forth above, such Plan could not have been proposed in good faith. *See*, 11 U.S.C. § 1325(a)(7).

21. For the foregoing reasons, the Debtor's Plan cannot be confirmed pursuant to 11 U.S.C. Section 1325.

WHEREFORE, creditor Kathleen Bizal prays that her Objections be sustained, and that confirmation of Debtor's Chapter 13 Plan be denied.

                                                  WETZEL GAGLIARDI FETTER & LAVIN LLC

Date: __March 2, 2022__      By:   /s/ John A. Gagliardi, Esquire
                                                   John A. Gagliardi, Esquire
                                                   122 S. Church St.
                                                 West Chester, PA 19382
                                                 (484) 887-0779 Ext. 102
                                                 jgagliardi@wgflaw.com