UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: David M. Bizal | : | Chapter 13 |
|     Debtor | : | No. 21-13212-elf |
| | : | |
| David M. Bizal | : | |
|     Movant | : | |
| vs. | : | |
| Kathleen M. Bizal | : | |
|     Respondent | : | |

### STIPULATION TO RESOLVE DEBTOR'S OBJECTION TO CLAIM #25 AND CREDITOR'S OBJECTION TO CONFIRMATION OF PLAN

David M. Bizal ("Debtor") and Kathleen M. Bizal ("Creditor") (collectively "Parties"), by their respective counsel, enter into this Stipulation as follows:

WHEREAS, Debtor filed a Petition under Chapter 13 on December 3, 2021; and

WHEREAS, Creditor filed a timely Proof of Claim on or about February 10, 2022, in the amount of $61,866.38[1].  See Claims Register at No. 25; and

WHEREAS, Debtor filed an Objection to Creditor's claim on or about March 14, 2022.  See Docket #18; and

WHEREAS, Creditor filed an Objection to Confirmation of the Debtor's Plan on March 2, 2022.  See Docket #17; and

WHEREAS, the Parties now desire to resolve the Debtor's Objection to Creditor's Claim and the Creditor's Objection to Confirmation of Plan;

---

[1] Creditor and the Debtor are parties to a divorce action in the Court of Common Pleas of Chester County, Pennsylvania at Docket Number 2020-04234-DI.  A Final Decree was entered in the divorce action on October 22, 2021.  Creditor's Claim was filed in order to protect her interests as they may relate to Domestic Support Obligations and/or other obligations of the Debtor owed to the Creditor pursuant to the Property Settlement Agreement, dated August 26, 2021, and incorporated by reference into the Final Decree of October 22, 2021.

The Parties, by their respective counsel, agree and stipulate as follows, and request that this Stipulation be entered as an Order of Court:

1. <u>Sale of the Marital Residence</u>:

    a. By agreement of the Parties, a Listing Agreement for sale of the marital residence located at 101 Kurtz Lane, Coatesville, PA 19320 ("Property") was signed with Dominick Fantanarosa, RE/MAX Action Associates, with a Starting Date of 05/26/2022, and Ending Date of 09/23/2022.

    b. The initial listing price is $349,000.00.

    c. The Property will be sold "as is"; Buyers may elect inspections, but must be made aware that the Parties as Sellers cannot and will not make any monetary concessions.

    d. Neither Party will be at the Property for any showings.

    e. Debtor shall allow all requested showings at the requested times, and Debtor shall make all reasonable efforts to allow for showings generally. If a requested showing time is inconvenient to the Debtor, he may reschedule each such requested showing one time, and the Property must be shown to the potential Buyer at the rescheduled time. Under no circumstance is Debtor permitted to refuse a showing without attempting to reschedule it prior to acceptance of an offer.

    f. Any and all written offers are to be circulated to both Parties immediately upon receipt; acceptance of any offer shall be at the discretion of the Parties, but not unreasonably withheld by either of them.

  g. Upon acceptance of an offer by both Parties, Debtor shall file a motion to approve the sale pursuant to 11 U.S.C. §363 within five (5) days of the date of the Agreement of Sale, and shall request a hearing on an expedited basis in order to avoid delays in closing.

  h. If the Property is not under agreement and closing does not occur by September 23, 2022, the End Date of the Listing Agreement referenced above, then the Parties will re-list with another, mutually agreed upon realtor with the same terms as the Listing Agreement, except that the new listing price and term will be negotiated by the Parties.

  i. If closing on the sale of the Property does not occur by December 31, 2022, then Creditor shall be granted immediate relief from the automatic stay pursuant to 11 U.S.C. 362 to pursue all available rights and remedies upon certification of the same to the Bankruptcy Court.

2. Pursuant to the Property Settlement Agreement between the Parties, the following Creditors and Claims, as amended where applicable, will be paid in full at or prior to closing on the sale of the Property, and the balances due shall be listed on the closing sheet:

  a. Claim No. 20 of JPMorgan Chase Bank, N.A.;

  b. Claim No. 3 of Citizens Bank N.A.;

  c. Claim No. 5 of Discover Bank;

  d. Claim No. 17 of U.S. Department of Treasury, Internal Revenue Service;

  e. Claim No. 25 of Kathleen M. Bizal, which shall be amended as follows:

       1.      Payment of Bank of America debt in the amount of $6,493.00;

       2.      Payment of Capital One debt in the amount of $1,850.00;

       3.      Reimbursements of Discover Card and Chase Home Finance costs in the amount of $2,297.38, plus any additional payments made by Creditor prior to closing;

       4.      Reimbursements of Bank of America and Capital One carrying costs in the amount of $2,184.00, plus any additional payments made by Creditor prior to closing;

       5.      Payment of the balance of Creditor's vehicle loan as of the date of the Property Settlement Agreement (Bank of America's Claim No. 4) in the amount of $8,000.00; and

       6.      Attorneys' fees in the amount of $4,400.00, which accounts for Debtor's requested offset of $600 against the $5,000.00 reimbursement of attorneys' fees originally requested by Creditor.

3.      Debtor shall promptly propose a Plan that pays the claims referenced in this stipulation consistent with the stipulation.

4.      In the event of dismissal or conversion of the Debtor's instant Chapter 13 bankruptcy proceeding, this Stipulation will become void, and the Parties will revert to their pre-Petition remedies, with all balances due as stated in the Property Settlement Agreement, less credits for payments received, if any.

5. In the event of conversion of Debtor's instant Chapter 13 bankruptcy proceeding to another bankruptcy chapter, Creditor shall be granted immediate relief from the automatic stay provisions of 11 U.S.C. § 362, and shall be free to pursue any and all of her available remedies against Debtor.

6. Except as modified by this Stipulation, the terms of the Property Settlement Agreement shall remain in full force and effect.

Ross, Quinn & Ploppert, PC

By:   s/Joseph Quinn
      Joseph Quinn, Esquire
      Attorney ID No. 307467
      192 S. Hanover St, Ste 101
      Pottstown, PA  19464
      Counsel for Debtor, David M. Bizal

Wetzel Gagliardi Fetter & Lavin LLC

By:   s/John A. Gagliardi
      John A. Gagliardi, Esquire
      Attorney ID No. 88230
      122 South Church Street
      West Chester, PA  19382
      Counsel for Creditor, Kathleen M. Bizal

Office of the Chapter 13 Trustee having no objection to terms, without prejudice to any of our rights and remedies
By:   s/LeRoy W. Etheridge
      LeRoy W. Etheridge, Esquire
      Attorney ID No. 43177
      1234 Market St, Fl 18
      Philadelphia, PA  19107
      Counsel for Trustee

# O R D E R

The foregoing Stipulation is APPROVED.

Date: _____, 2022      _____
                                                          **ERIC. L. FRANK**
                                                          **U.S. BANKRUPTCY JUDGE**